UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**STRIKE 3 HOLDINGS, LLC,**

    *Plaintiff*,

v.     Case No. 5:22-CV-0206-JKP

**JOHN DOE, subscriber assigned IP address 67.11.235.38,**

    *Defendant*.

## ORDER ON MOTION FOR DEFAULT JUDGMENT

Before the Court is *Plaintiff's Second Motion for Default Judgment* (ECF No. 31). In support of the motion, Plaintiff attaches a brief in support (ECF No. 31-1); a redacted affidavit (ECF No. 31-2, sealed, unredacted version found at ECF No. 34-1), a second affidavit (ECF No. 31-3); and two redacted exhibits (ECF No. 31-4, sealed, unredacted version found at ECF No. 34-2). Based on the evidence submitted, the Court finds no need for a hearing.

The Court previously denied default judgment because it found "Plaintiff's additional allegations insufficient to state a plausible claim of infringement against the named Defendant." *See* ECF No. 30 at 9. At that time, it remained "entirely speculative as to whether the named Defendant was the infringer." *Id*. Plaintiff has now addressed noted deficiencies, i.e., who lived at the location with the IP address and had access at the relevant times and whether there were multiple BitTorrent clients. With only the named Defendant and his wife living at the address and having access to the internet through the IP address, Plaintiff has now provided investigatory evidence which supports that the named Defendant is the most likely person to have used BitTorrent at the location of the IP address.

The Court sees no need for another full-blown default judgment analysis. Plaintiff takes issue with the Court's prior utilization of caselaw that predated *Strike 3 Holdings, LLC v. Doe*,

964 F.3d 1203 (D.C. Cir. 2020), but a pronouncement by the D.C. Circuit does not render all prior caselaw irrelevant or immaterial. To the extent this Court deemed cases from outside this jurisdiction persuasive, it recognized that 2020 case and other cases in determining whether the Plaintiff here had provided enough to support its sought default judgment.

Further, relying on "*Kansas v. Glover*, 589 U.S. 376 (2020), which upheld the reasonableness of a vehicle stop based on the 'commonsense inference' that the driver of a vehicle is its owner," Plaintiff seeks to rely on a reasonable inference that the user of an IP address is the subscriber. *See* ECF No. 31-1 at 8. While such an inference might be relevant to obtaining expedited discovery to ascertain the identity of the subscriber or even to avoid a dismissal under Fed. R. Civ. P. 12(b)(6), courts may require more than such an inference when determining whether to grant a default judgment. Not only does Plaintiff recognize that the Court's prior denial of default judgment is understandable, but it has provided additional evidence to support granting default judgment. *See id*. at 15.

With the additional information before the Court, Plaintiff has shown that the named Defendant is the person most likely to have infringed on its eighty-seven copyrighted works ("the Works") listed on Exhibit A to the First Amended Complaint through Defendant's use of the BitTorrent protocol to upload and download the Works between and among peer users without authorization from Plaintiff. Further, for the reasons stated in Plaintiff's supporting memorandum, as supported by affidavit and other submitted evidence, Plaintiff has shown that it is entitled to (1) a permanent injunction, including an order compelling the destruction of infringing copies, (2) statutory damages, (3) costs, and (4) post-judgment interest.

Section 502(a) of Title 17 of the United States Code permits a court to grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Additionally, "[a]s part of a final judgment or decree, the court may order the destruction

or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." 17 U.S.C. § 503(b). Those "seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). More specifically, Plaintiff

> must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id*.

Plaintiff has demonstrated each required element for entry of a permanent injunction. The presence of its works in the BitTorrent network subjects Plaintiff to continued infringement, thus demonstrating irreparable injury. *Malibu Media, LLC v. Siegert*, No. 19-928, 2020 WL 1916508, at *3 (W.D. Tex. Apr. 20, 2020). Similarly, "monetary damages are inadequate to remedy its injury" because, without an injunction, "the infringement via BitTorrent will continue, and the full extent of distribution of Plaintiff's Copyrighted Works cannot be measured." *Id*. at *4. An injunction that merely requires compliance with the law is not a burden on a defendant and "the balance of hardships" thus weigh in Plaintiff's favor. *Id*. Finally, upholding protections under the Copyright Act and restraining infringement as prescribed by § 502(a) serves the public interest. *Id*.

Plaintiff's requested injunction is narrowly tailored to remedy only its specific harms, and thus complies with Fed. R. Civ. P. 65(d). The Court thus grants the request for injunctive relief and will include an appropriate permanent injunction in its final judgment. It will also order Defendant to delete and permanently remove all infringing copies of Plaintiff's eighty-seven works.

A copyright infringer is liable for either actual or statutory damages. 17 U.S.C. § 504(a). Here, in accordance with § 504(c), Plaintiff has elected to receive statutory damages. For each

infringed work, an award of such damages may be recovered "in a sum not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). "In the copyright context, appellate courts have noted that '[i]f statutory damages are elected, the [trial] court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.'" *Kiva Kitchen & Bath Inc. v. Cap. Distrib. Inc.*, 319 F. App'x 316, 320 (5th Cir. 2009) (quoting *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) and citing *Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 237 (5th Cir. 1988)). Plaintiff requests an award of the minimum statutory damages for each work and contends that such award would serve the dual purposes of the Copyright Act—compensating Plaintiff and deterring Defendant. The Court agrees that the minimum statutory damages are sufficient under the circumstances and will enter judgment for $65,250 in statutory damages.

"The Copyright Act gives federal district courts discretion to award 'full costs' to a party in copyright litigation." *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 336 (2019) (quoting 17 U.S.C. § 505). In addition to "a reasonable attorney's fee," *see* § 505, "full costs" means "only the six categories specified in the general costs statute, codified at [28 U.S.C.] §§ 1821 and 1920." *Rimini*, 586 U.S. at 336-37. Plaintiff seeks recovery of its filing fees and service costs, while foregoing attorney fees. In general, "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920." *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (per curiam) (citing *Cypress–Fairbanks Indep. Sch. Dist. v. Michael*, 118 F.3d 245, 257 (5th Cir. 1997)). Because this case presents no exceptional circumstances, the Court declines to award costs for the private process server. It will, however, award $402 in costs for the statutory filing fee ($350) and administrative fee ($52).

The Court will also award post-judgment interest as mandated by 28 U.S.C. § 1961(a). *See Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010).

For the foregoing reasons, the Court **GRANTS** *Plaintiff's Second Motion for Default Judgment* (ECF No. 31). By separate document, the Court will enter a Final Default Judgment with a permanent injunction warranted by the evidence presented.

**IT IS SO ORDERED this 19th day of November 2024.**

*[signature]*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**